FILED
CLERK, U.S. DISTRICT COURT
MAY - 4 2012
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

1  Name: Doe No. 7
   Email Address: plantovestri001@yahoo.com
2  Pro Se

3

4                   UNITED STATES DISTRICT COURT

5                   CENTRAL DISTRICT OF CALIFORNIA

6

7  MALIBU MEDIA, LLC, a California   )   Case No.: LA CV12-01647 JAK (JEMx)
8                                    )
   corporation                       )
9                                    )   MOTION TO QUASH SUBPOENA AND
                                     )   MEMORANDUM OF AUTHORITIES
10             Plaintiff,            )
                                     )   June 4, 2012
11       vs.                         )   Date: ~~Aug 16th~~ 2012
                                     )
12 JOHN DOES 1-10                    )   Time: 8:30 am
                                     )
13             Defendants.           )
                                     )
14                                   )
                                     )
15                                   )
                                     )
16   RECEIVED                        )
   CLERK, U.S. DISTRICT COURT        )
17                                   )
                                     )
18     MAY - 4 2012                  )
                                     )
19                                   )
   CENTRAL DISTRICT OF CALIFORNIA    )
20 BY ___ DEPUTY                     )
                                     )
21

22              **MOTION TO QUASH OR MODIFY SUBPOENA**

23       I received a letter from my ISP, less than a month ago, regarding a subpoena, which

24 included a copy of the Order Granting Plaintiff's Application for Leave to Take Discovery.

25       From accounts of previous defendants of MALIBU MEDIA, LLC, these subpoena

26 notifications are followed with demand letters. Plaintiff's claims are based on Torrent clients or

27 similar P2P sharing applications. However, these subpoenas are little more than "shake-downs" and

28 seek only to release the names of DOE's, such as myself, and aggressively seek a quick settlement.

---
1

MOTION TO QUASH OR MODIFY SUBPOENA

I respectfully request that I be allowed to quash the subpoena without revealing my personally identifying information so that the Plaintiff MALIBU MEDIA, LLC cannot improperly use the information.

## INTRODUCTION

To cut court costs while casting their shake-down net to as many individuals as possible, Plaintiff's counsel, CAVALLUZZI & CAVALLUZZI is using improper joinders in their mass lawsuits alleging copyright infringement through Torrent Clients. Such lawsuits are similar to those all over the country including *CP Productions, Inc. v. Does 1-300 case 1:2010cv06255,* where the court noted before dismissal:

> "[I]f the 300 unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap — if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350." Id.

Later, Judge Milton Shadur writes about Steele Hansmeier's abuse of the litigation system "in more than one way" with its "ill-considered" lawsuit:

> "This Court has received still another motion by a "Doe" defendant to quash a subpoena in this ill-considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300 unidentified "Doe" defendants – this one seeking the nullification of a February 11, 2011 subpoena issued to Comcast Communications, LLC. This Court's February 24, 2011 memorandum opinion and order has already sounded the death knell for this action, which has abused the litigation system in more than one way. But because the aggrieved Doe defendants continue to come out of the woodwork with

motions to quash, indicating an unawareness of this Court's dismissal of this action, 1 CP's counsel is ordered to appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-fated (as well as ill-considered) lawsuit." *CP Productions, Inc. v. Does 1-300 case 1:2010cv06255 (dismissed ALL John Doe defendants)*

In another Torrent case in Illinois, Judge Harold A. Baker writes in denying the motion for expedited discovery:

"Plainly stated, the court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23." *VPR Internationale vs. Does 1-1017 case 2:2011cv02068*

In the Northern District of California, these nearly identical Torrent cases have been severed for improper joinder:

-*Pacific Century International LTD v. Does 1-101 case 4:2011cv02533 (severed does 2-101)*

-*IO Group, Inc. v. Does 1-435 case 3:2010cv04382 (severed does 2-435)*

-*Diabolic Video Productions, Inc v. Does 1-2099 case 5:2010cv05865 (severed Does 2-2099)*

-*New Sensations, Inc v. Does 1-1768 case 5:2010cv05864 (severed Does 2-1768)*

In yet another nearly identical Torrent case, filed in the Northern District of California by Steele Hansmeier, *Millennium TGA, Inc v. Does 1-21 case 3:2011cv02258*, Judge Samuel Conti found the same joinder problems, and wrote in his order denying request for leave to take early discovery, "This Court does not issue fishing licenses;"

<u>FIRST ARGUMENT: IMPROPER JOINDER</u>

---

3

**MOTION TO QUASH OR MODIFY SUBPOENA**

### 1) Plaintiff Has Improperly Joined 10 Individual Defendants Based on Entirely Disparate Alleged Acts

The Plaintiff's joinder of 10 defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere. As one court noted:

> "Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants." *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

> "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met: (1) the right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"; **and** (3) there must be a common question of fact or law common to all the

defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-*

*12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. *See BMG Music v. Does 1-203*, 2004 WL 953888, at *1.

Nor does the analysis change because the Torrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since 2002.[1]

Discussions of the technical details of the Torrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no allegation that any copy of the work they downloaded came jointly from any of the Doe defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

Because this improper joining of these Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the defendants and "drop" Does 2-10, from the case. *See* Fed. R. Civ. P. 21.

---

[1] http://gondwanaland.com/mlog/2004/12/30/deployment-matters/

## SECOND ARGUMENT:

## IP ADDRESS IS NOT RELEVANT THEREFORE THE SUBPOENA IS IMPROPER

The subpoena requires disclosure of protected information and subjects DOE No. 7 to undue burden. Additionally, the subpoena seeks information that is not relevant given Plaintiff's inability to link DOE No. 7 to alleged infringing activity. DOE No. 7 has standing to move to quash the subpoena because it seeks disclosure of personal identification information considered to be confidential and over which DOE No. 7 has personal and proprietary interests. DOE No. 7 also has standing to move to quash the subpoena to protect reputational interests. FED. R. CIV.P. 45(c)(3)(B) allows a person affected by, but not subject to, a subpoena to move to quash the subpoena.

The complaint and request for expedited discovery form yet another in a wave of suits in which copyright infringement plaintiffs seek to "tag" a defendant based solely on an IP address. However, an IP address is not equivalent to a person or entity. It is not a fingerprint or DNA evidence – indeed, far from it. In a similar case the Plaintiff also sought discovery to learn the identity of persons associated with IP addresses, United States District Judge Harold Baker of the Central District of Illinois denied a motion for expedited discovery and reconsideration, holding that, "IP subscribers are not necessarily copyright infringers...The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Order of Apr. 29, 2011, VPR Internationale v. DOES 1-1017, No. 2:11-cv-02068 (Central District of Illinois) (Judge Harold A. Baker) [hereinafter VPR Internationale Order]. The point so aptly made by Judge Baker is that there may or may not be a correlation between the individual subscriber, the IP address, and the infringing activity. Id. The risk of false identification by

ISPs based on internet protocol addresses is vividly illustrated by Judge Baker when he describes a raid by federal agents on a home allegedly linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP (in the same fashion as Plaintiff seeks to extract such information from Verizon.) After the raid revealed no pornography on the family computers, federal agents eventually learned they raided the wrong home. The downloads of pornographic material were traced to a neighbor who had used multiple IP subscribers' Wi-Fi connections. Id. This risk of false identification and false accusations through disclosure of identities of internet subscribers is also presented here. Given the nature of the allegations and the material in question, should this Court force Verizon to turn over the requested information, DOE No. 7 would suffer a reputational injury.

DOE No. 7 resides in a residence that has wireless internet and multiple computers that sometimes are left idly connected to the internet. Almost all of these computers/laptops have at one time or another been victim to spyware, adware, and other internet viruses where third party unknown persons have most likely obtained access to those computers. DOE No. 7 has allowed visiting relatives to use this wireless internet on more than one occasion. Any neighboring resident could have obtained access to and had ample opportunity to use DOE No. 7's IP address, for their own purposes, without detection. The likelihood that an individual, other than DOE No. 7, infringed Plaintiff's copyrights is too great to support any correlation between DOE No. 7 and the alleged violation that Plaintiff seeks to prove. Here, the risk of reputational injury from public exposure and association with the Plaintiff's allegations—even if later disproven—is too great and presents an undue burden to DOE No. 7 under FED. R. CIV. P. 45(c)(3)(A)(iv). See VPR Internationale Order, at 3.

If the mere act of having an internet address can link a subscriber to copyright infringement suits, internet subscribers such as DOE No. 7 will face untold reputational injury, harassment, and embarrassment. The reputational risk that Judge Baker found to be an undue burden is equally presented here: "[W]hether you're guilty or not, you look like a suspect." Id.

Moreover, this case presents the same extortion risk that so concerned Judge Baker: "Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case." Id. Discovery is not a game. Yet, plaintiffs in these types of cases use discovery to extort settlements from anonymous defendants who wish to avoid the embarrassment of being publicly associated with this type of allegation. Id. Such abuse of the discovery process cannot be allowed to continue.

Additionally, this subpoena should not have been issued in the first place because the information sought is not relevant to Plaintiff's allegations. Implicit in the rule granting subpoena power is a requirement that the subpoena seeks relevant information. *See Syposs v. United States,* 181 F.R.D. 224, 226 (W.D.N.Y. 1998)("the reach of a subpoena issued pursuant to [FED. R. CI V. P. 45] is subject to the general relevancy standard applicable to discovery under [FED. R. CI V. P. 26(b)(1)]."). The information linked to an IP address cannot give you the identity of the infringer. *VPR Internationale Order*, at 2. Because the infringer could have been anybody with a laptop passing within range of the router, the information sought by Plaintiff is not relevant to the allegations in any way. Id.

Moreover, even if the information has some small amount of relevance to the claim—

9

MOTION TO QUASH OR MODIFY SUBPOENA

which it does not—discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of burden to the defendant. FED. R. CIV. P. 26(b)(2)(C)(iii). Plaintiff's request fails that balancing test. Given that DOE No. 7 was only one of many persons who could have used the IP address in question, the quantum of relevance is miniscule at best. However, as discussed above, the burden to DOE No. 7 is severe. The lack of relevance on the one hand, measured against the severe burden of risking a significant reputational injury on the other, means that this subpoena fails the Rule 26 balancing test. Id. Plaintiff's request for information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to DOE No. 7 if allowed to proceed. Good cause exists to quash the subpoena served on Verizon to compel the disclosure of the name, address, telephone number and e-mail address of DOE No. 7.

FOR THESE REASONS, DOE No. 7 requests that this Court quash the subpoena served on Verizon in this matter.

Dated: 5/2/12

Respectfully submitted,

*Doe No. 7*
Doe No. 7
*Pro se*

# CERTIFICATE OF SERVICE

Case name: Malibu Media LLC vs. JOHN DOES 1-10
Case Number: LACV12-01647JAK (JEMx)

  I am over the age of 18 and not a party to the within action. My business address is 12749 Norwalk Boulevard, Suite 204-A, Norwalk, California 90650.

  On, May 3, 2012 I served upon all interested parties in this action the foregoing document(s) described as follows: **MOTION TO QUASH SUBPOENA AND MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER GRANTING MOTION TO DISMISS CLAIMS AGAINST MULTIPLE DOES**

( ) By having copies personally delivered to the person served, as listed below:

( X ) U.S. MAIL: The correspondence or documents were placed in sealed, labeled envelopes with postage thereon fully prepaid on the above date an placed for collection and mailing at my place of business to be deposited with the U.S. Postal Service at Norwalk, California on this same date in the ordinary course of business.

( ) FACSIMILE TRANSMISSIONS: The correspondence or documents were placed for transmissions to _____ in a facsimile transmission machine located in my employer's office, and were transmitted to a facsimile machine maintained by the party or attorney to be served, on this same date in the of ordinary course of business. The transmission was reported as completed and without error, and a record of the transmission was property issued by the transmitting facsimile machine.

Adam M. Silverstein
Cavaluzzi & Cavaluzzi
9200 Sunset Boulevard, Suite 807
Los Angeles, CA 9001

  I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct and that this declaration is executed on May 3, 2012 at Norwalk, California.

Elizabeth Arreola

PROOF OF SERVICE- 1