**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-01647 JAK (JEMx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | Malibu Media, LLC v. John Does 1-10 | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Alexander Joko |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Leemore Kushner | Not present |

**Proceedings:** DOE 7'S MOTION TO QUASH SUBPOENA (Dkt. 13)

The motion hearing is held. The Court states its tentative views on the record, which are that it is inclined to deny Doe 7's motion to quash the third party subpoena. Plaintiff opposed the motion, and Doe 7 failed to reply. The basis for the Court's tentative views, which it adopts, are as follows:

Plaintiff Malibu Media filed this action against ten Doe Defendants alleging that each of them used BitTorrent protocols, which are Internet file-sharing programs, to download copyrighted adult entertainment films. Specifically, Plaintiff alleges that each of the Doe Defendants was part of the same "swarm," which means that each allegedly participated in the same group of BitTorrent users and worked together while downloading (and simultaneously uploading) one file containing the copyrighted works. Plaintiff moved for leave to serve a third party subpoena on the Doe Defendants' Internet Service Provider ("ISP") with respect to the computers at issue so that Plaintiff could identify the Doe Defendants through their Internet Protocol ("IP") addresses.

The BitTorrent process and swarm are explained in *OpenMind Solutions, Inc. v. Does 1-39*, No. C 11-3311 MEJ, 2011 WL 4715200 (N.D. Cal. Oct. 7, 2011):

> The sharing of a file via the BitTorrent protocol operates as follows. First, the initial seeder creates a small "torrent" file that contains instructions for how to find the seed. The seeder uploads the torrent file to one or more of the many torrent indexing sites. As Internet users come across the torrent file, they intentionally elect to load the torrent files in their BitTorrent client, which uses the instructions contained in the torrent file to locate the seed. These users now are peers in the swarm with respect to that digital reproduction. The BitTorrent protocol dictates that each peer download a random portion of the file (a "piece") from the seed. After a peer has downloaded its first piece, it then shares that piece and subsequent pieces with other peers in the swarm. The effect of this protocol is that each peer is both copying and distributing copyrighted material at the same time. That is, each peer in a BitTorrent network has acted and acts in cooperation with other peers by agreeing to provide, and actually providing, an infringing reproduction of at least a substantial portion of a copyrighted work in anticipation of the other peers doing likewise. Joining a BitTorrent network is an intentional act, requiring

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-01647 JAK (JEMx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | Malibu Media, LLC v. John Does 1-10 | | |

the selection by a peer of multiple links to do so.

Through the instant motion, Doe 7 contends the subpoena should be quashed because: (i) joinder of the ten Doe Defendants is improper and (ii) the subpoena does not seek relevant information. With respect to joinder, Doe 7 argues that Plaintiff's claims against the ten Does are not sufficiently related: the alleged infringement occurred at different times, in different locations, and was conducted by different individual defendants. With respect to relevance, Doe 7 contends that the fact that a particular person is the subscriber to a particular IP address is not relevant to who actually committed the alleged copyright infringement via that IP address.

Rule 20(a) provides that persons may be joined in one action as defendants if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. FED. R. CIV. P. 20(a). Here, the "same transaction or occurrence" requirement is satisfied because the Doe Defendants allegedly infringed Plaintiff's copyright in concert: each Doe downloaded an identical file through the same "swarm." Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1997).

Other district courts addressing similar situations have generally held that, where the plaintiff attempts to join a large number of unrelated Doe defendants, the requirements for joinder are not satisfied. Thus, for example, where the Doe defendants are not alleged to be part of the same swarm, joinder may be improper. Here, Plaintiff has alleged that each Doe was a member of the same swarm, and the total number of defendants is small. Accordingly, the facts alleged satisfy the requirements of Rule 20(a). Plaintiffs also allege that the Defendants did more than copy the same work; it is alleged that they contributorily infringed by working together through both uploading and downloading an identical infringing file. Thus, questions of law and fact common to all Defendants will arise in the action. Additionally, joinder would not prejudice the parties or result in needless delay. Thus, the Court's view is that it will deny Doe 7's motion on the basis of misjoinder.

The Court finds Doe 7's relevance argument equally unpersuasive. Doe 7 argues that the IP subscribers identified through the subpoena may not correctly identify the persons who actually committed the alleged copyright infringement via those IP addresses. However, the issue raised now is not whether this evidence would be admissible at trial. The subpoenas are part of discovery, and accordingly need only be reasonably calculated to lead to the discovery of admissible evidence. Thus, the Court denies Doe 7's motion on the basis of relevance without prejudice to this issue being raised later in the context of whether any information that is discovered is admissible.

Counsel for Plaintiff addresses the Court regarding its previous Order granting Plaintiff's motion for leave to serve third party subpoenas, which limited the review of any responsive information to attorneys' eyes only. Plaintiff's counsel requests that the Court modify this restriction in its prior Order and permit counsel to share the responsive information with her client. The Court declines to modify its prior Order at this time, and directs Plaintiff's counsel to apply for any such modification with notice if, after obtaining and reviewing the responsive information, counsel concludes that it is important to share

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV12-01647 JAK (JEMx) | Date | June 4, 2012 |
| Title | Malibu Media, LLC v. John Does 1-10 | | |

the information with her client or with a non-party expert.

For the foregoing reasons, the Court DENIES the motion to quash.

**IT IS SO ORDERED.**

|  | : | 10 |
|---|---|---|
| Initials of Preparer | ak | |