1  Leemore Kushner (SBN 221969)
2  KUSHNER LAW GROUP
   801 North Citrus Avenue
3  Los Angeles, California 90038
   Telephone:  (323) 515-7894
   Facsimile:  (323) 544-8170
4  Email: lkushner@kushnerlawgroup.com

5  Attorneys for Plaintiff Malibu Media, LLC

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  MALIBU MEDIA, LLC, a California        Case Nos. CV 12-1642 RGK (SSx)
    limited liability company,                       CV 12-1647 RGK (SSx)
12                                                    CV 12-3614 RGK (SSx)
                   Plaintiff,                         CV 12-3615 RGK (SSx)
13                                                    CV 12-3617 RGK (SSx)
           v.                                         CV 12-3619 RGK (SSx)
14                                                    CV 12-3620 RGK (SSx)
    JOHN DOES 1 through 10,                           CV 12-3621 RGK (SSx)
15                                                    CV 12-3622 RGK (SSx)
                   Defendants.                        CV 12-3623 RGK (SSx)
16                                                    CV 12-4649 RGK (SSx)
                                                      CV 12-4650 RGK (SSx)
17                                                    CV 12-4651 RGK (SSx)
                                                      CV 12-4652 RGK (SSx)
18                                                    CV 12-4653 RGK (SSx)
                                                      CV 12-4654 RGK (SSx)
19                                                    CV 12-4656 RGK (SSx)
                                                      CV 12-4657 RGK (SSx)
20                                                    CV 12-4658 RGK (SSx)
                                                      CV 12-4660 RGK (SSx)
21                                                    CV 12-4661 RGK (SSx)
                                                      CV 12-4662 RGK (SSx)
22                                                    CV 12-647 RGK (SSx)
                                                      CV 12-649 RGK (SSx)
23                                                    CV 12-650 RGK (SSx)
                                                      CV 12-651 RGK (SSx)
24                                                    CV 12-652 RGK (SSx)

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFF'S NOTICE OF RENEWES MOTION AND RENEWED MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS PRIOR TO A RULE 26(f) CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date:  September 17, 2012
Time: 9:00 a.m.
Place: Ctrm 850 (Roybal)

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 17, 2012, at 9:00 a.m., in Courtroom 850 of United States District Court, Central District of California, located at 255 E. Temple Street, Los Angeles, California, or as soon thereafter as counsel may be heard, Plaintiff Malibu Media, LLC will and hereby does move the Court for leave to serve third party subpoenas prior to a rule 26(f) conference.

This motion is based upon this notice of motion and motion, the concurrently filed memorandum of points and authorities, the Declarations of Tobias Fieser and Leemore Kushner filed in connection with Plaintiff's initial Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference, upon all pleadings and evidence on file in this matter, and upon such additional evidence or argument as may be accepted by the Court at or prior to the hearing.

DATED: August 14, 2012                KUSHNER LAW GROUP


By:      /s/ Leemore L. Kushner
         Leemore L. Kushner
         Attorneys for Plaintiff Malibu Media, LLC

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION……………………………………..…………………1

II.  GOOD CAUSE EXISTS TO PERMIT EARLY DISCOVERY……………..……..1

   A. Legal Standard………………………………………………………………1

   B. Plaintiff Has Identified the Defendants With Sufficient Specificity……...2

   C. Steps Taken By Plaintiff to Locate Defendants…………………………2

   D. Plaintiff's Suit Can Withstand a Motion to Dismiss……………………...3

      1.   Plaintiff Has Properly Alleged a Copyright Infringement Claim….3

      2.   Joinder Is Not a Basis for Dismissal………………………………4

   E.  The Subpoena Will Lead to the Identification of the Defendants………...4

III. JOINDER IS PROPER………………………………………………………4

   A. Plaintiff Has Met Rule 20's Requirements for Permissive Joinder………5

      1.   Same Transaction, Occurrence or Series of Transactions…………6

         a.  Logical relationship test……………………………………6

         b.  Plaintiff properly pled a series of transactions……………9

         c.  It is not necessary for the Defendants to know each other…10

      2.   There are common issues of fact and law…………………………12

   B. Joinder Is Proper Because Each Defendant Is Jointly and Severally Liable………………………………………………………………………12

   C. Joinder Promotes Judicial Efficiency And Is Not Prejudicial To The Putative Defendants…………………………………………………...14

   D. Policy Reasons for Permitting Joinder………………………………15

      1.   Absent joinder, data retention issues will cause Plaintiff to sue John Does that cannot be identified ……………………..…………15

      2.   Disallowing joinder would be inconsistent with the policy of Rule 1……………………………………………………………...16

E.  The Overwhelming Majority Of Courts Permit Joinder...................17

    1.    California Courts rule that joinder is proper .........................17

    2.    The District of Columbia correctly supports joinder in BitTorrent cases.......................................................................................18

    3.    The District of Colorado permits joinder.............................19

IV. CONCLUSION..................................................…...................................20

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Federal Cases**

4

5
*Adobe Systems, Inc. v. Canus Productions, Inc.,*
173 F.Supp.2d 1044, 1055 (C.D. Cal. 2001) ............................................................ 13

6

7
*Apple, Inc. v. Samsung Electronics Co.,*
    2011 WL 1938154 at *1 (N.D.Cal. May 18, 2011) ...................................... 1

8

9
*Arista Records, LLC v. Does 1-19,*
    551 F.Supp.2d 1, 11 (D.D.C. 2008) ........................................................... 10

10

11
*Berlin Media Art E.K. v. Does 1-144,*
    2011 WL 4056167 (E.D. CA. 2011) ........................................................... 17

12

13
*Bravado Int'l Group Merch. Servs. v. Cha,*
    2010 WL 2650432 at *4 (C.D.Cal. June 30, 2010) ..................................... 6

14

15
*Call of the Wild Movie v. Does 1-1062,*
    770 F.Supp.2d 332, 343 (D.D.C. 2011) ............................................. *passim*

16

17
*Call of the Wild Movie v. Smith,*
    274 F.R.D. 334 (D.D.C. 2011) .................................................................. 15

18

19
*Camelot Distribution Group v. Does 1-1210*
    2011 WL 4455249 (E.D.Cal. 2011) ........................................................... 17

20

21
*Columbia Ins. Co. v. Seescandy.com,*
    185 F.R.D. 573, 578-80 (N.D.Cal. 1999) .................................................... 2

22

23
*Costar Group, Inc. v. Loopnet, Inc.,*
    164 F. Supp.2d 688, 696 (M.D. 2001) ........................................................ 12

24

25
*DigitProtect USA Corp. v. Does,*
    2011 WL 4444666 (S.D.N.Y. 2011) ........................................................... 19

26

27
*Disparte v. Corp. Exec. Bd.,*
    223 F.R.D. 7, 10 (D.D.C. 2004) ................................................................... 9

28

*Donkeyball Movie, LLC v. Does,*
   2011 WL 1807452 (D.D.C. May 12, 2011)........................................................18

*First Time Videos, LLC v. Does 1-76,*
   2011 WL 3586245 (N.D. Ill. 2011) ...............................................................5

*Hard Drive Productions, Inc. v. Does 1–46,*
   2011 U.S. Dist. LEXIS 67314 (N.D. Cal. 2011) .......................................17

*League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency,*
   558 F.2d 914, 917 (9th Cir. 1997) ...............................................................5

*Liberty Media Holdings, LLC v. Does 1-62,*
   2012 WL 628309 (S.D.Cal. Feb. 24, 2012)...............................5, 6, 7, 17

*Malibu Media, LLC v. Does 1-10,*
   Case No. CV12-1647, Docket No. 22 (C.D.Cal. June 4, 2012) ...........5, 16

*Malibu Media, LLC v. Does 1-13,*
   2012 WL 2325588 (E.D.N.Y. June 19, 2012) ..........................................19

*Malibu Media, LLC v. Does 1-25,*
   2012 WL 2367555 at *3 (S.D.Cal. June 21, 2012).................................17

*Marobie-FL, Inc. v. National Ass'n of Fire Equipment Distributors,*
   983 F. Supp. 1167 (N.D. IL 1997)...........................................................13

*Maverick Entertainment Group, Inc. v. Does 1-2115,*
   2011 WL 1807428 (D.D.C. 2011) ............................................................18

*MGCIP v. Does 1-149,*
   2011 WL 3607666 at *2 (N.D.Cal. 2011) ..................................................2

*Mosley v. Gen. Motors Corp.*
   497 F.2d 1330, 1332 (8th Cir. 1974) ....................................................5, 6

*New Sensations, Inc. v. Does 1745,*
   2011 WL 2837610 (N.D.Cal. 2011) .........................................................17

*NuImage, Inc. v. Does 1-22,322,*
   2011 WL 3240562 (D.D.C. 2011) ............................................................18

*OpenMind Solutions, Inc. v. Does 1-39*,
  2011 WL 4715200 (N.D. Cal. 2011) ...................................................................*passim*

*Patrick Collins, Inc. v. John Does 1-9*
  11-cv-01269 (S.D.N.Y. 2011) ...................................................................19

*Patrick Collins, Inc. v. John Does 1-21*,
  2012 WL 1190840 (E.D. Mich. Apr. 5, 2012) .........................................7, 8

*Patrick Collins, Inc. v. John Does 1-33*,
  2012 WL 415424 (D.Colo. 2012)...................................................................19

*Patrick Collins, Inc. v. John Does 34-51*,
  2012 WL 871269 (S.D.Cal. March 14, 2012) ...........................................5

*Patrick Collins, Inc. v. John Does 1-2590*,
  2011 WL 4407172 (N.D.Cal. 2011) ...................................................................7, 17

*Raw Films, Ltd. v. John Does 1-15*,
  2012 WL 1019067 (E.D. Pa. Mar. 26, 2012) ...........................................11

*Semitool, Inc. v. Tokyo Electron America, Inc.*,
  208 F.R.D. 273, 276 (N.D.Cal. 2002) ...................................................................1

*United Mine Workers of Am. v. Gibbs*,
  383 U.S. 715, 724 (1966)...................................................................5

*United States v. Mississippi*
  380 U.S. 128 (1965)...................................................................10, 11

*Voltage Pictures, LLC v. Does 1-5000*,
  818 F.Supp.2d 28, 35 (D.D.C. 2011)...................................................................18

*Voltage Pictures, LLC v. Vazquez*
  2011 WL 5006942 (D.D.C. 2011) ...................................................................18

*West Coast Prods. v. Does*,
  275 F.R.D. 9, 14-15 (D.D.C. 2011) ...................................................................18

**Statutes**

17 USC § 106 ..................................................................................................... 3

**Rules**

Fed. R. Civ. P. 1 ........................................................................................ 15, 16

Fed. R. Civ. P. 20 ................................................................................. 5, 6, 15

Fed. R. Civ. P. 21 ...................................................................................... 4

Fed. R. Civ. P. 26 ...................................................................................... 1

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff Malibu Media, LLC ("Plaintiff"), moves the Court for entry of an order granting it leave to serve third party subpoenas prior to a Rule 26(f) conference (the "Application"), and submits the following memorandum in support.

## I.   INTRODUCTION

In each and every one of these related cases, Plaintiff was previously granted leave to serve third party subpoenas on the Defendants' Internet Service Providers ("ISP").  Indeed, as set forth below, good cause exists for the expedited discovery. This motion reiterates the basis for Plaintiff's request for expedited discovery below, and, pursuant to the Court's directive in its July 31, 2012 Order Discharging the Court's Order to Show Cause re Personal Jurisdiction, Plaintiff has also addressed whether these cases can survive a motion to dismiss for improper joinder.

## II.   GOOD CAUSE EXISTS TO PERMIT EARLY DISCOVERY

### A.   Legal Standard

Pursuant to Rule 26(d)(1), a court may authorize early discovery before the Rule 26(f) conference for the parties' convenience and in the interest of justice. Courts within the Ninth Circuit generally use a "good cause" standard to determine whether to permit such discovery.  *See, e.g., Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2011 WL 1938154 at *1 (N.D.Cal. May 18, 2011); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D.Cal. 2002).  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Semitool*, 208 F.R.D. at 276.  The court must perform this evaluation in light of "the entirety of the record…and [examine] the reasonableness of the request in light of all the surrounding circumstances."  *Id.* at 275 (citation and quotation marks omitted).  In determining whether there is good cause to allow expedited discovery to identify

anonymous internet users named as doe defendants, courts consider whether: (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court, (2) the plaintiff has identified all previous steps taken to locate the elusive defendant, (3) the plaintiff's suit against defendant could withstand a motion to dismiss, and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D.Cal. 1999).

### B. **Plaintiff Has Identified the Defendants With Sufficient Specificity**

Plaintiff attached as Exhibit A to each Complaint a list of IP addresses, the date and time of the infringing act, and corresponding ISPs.  Plaintiff has thereby demonstrated that the Defendants can be corresponded to their allegedly infringing acts.  Thus, the first factor is satisfied. *See, e.g., MCGIP v. Does 1-149*, 2011 WL 3607666 at *2 (N.D.Cal. 2011).

### C. **Steps Taken by Plaintiff to Locate Defendants**

Plaintiff retained IPP, Limited, to identify the IP addresses that are being used by those people that are using the BitTorrent protocol and the internet to reproduce and distribute Plaintiff's copyrighted works.  Declaration of Tobias Fieser submitted with Plaintiff's initial Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference ("Fieser Decl."), ¶ 11.  Mr. Fieser used proprietary software to perform real-time monitoring of the BitTorrent-based swarm involved in distributing the copyrighted files relevant to these actions. *Id.* at ¶ 13.  Mr. Fieser scanned the peer-to-peer networks for infringing transactions, and isolated the transactions and the IP addresses being used on the BitTorrent peer-to-peer network to reproduce, distribute, display or perform Plaintiff's copyrighted works. *Id.* at ¶¶ 15-16.  Mr. Fieser then analyzed each BitTorrent piece distributed by each IP

1    address and verified that reassembling the pieces using a specialized BitTorrent

2    client results in fully playable digital motion pictures.  *Id.* at ¶ 20.  At this stage,

3    Plaintiff can only identify the Defendants through their IP addresses, and service of

4    subpoenas on the ISPs associated with the IP addresses will allow Plaintiff to further

5    identify the names and addresses of Defendants so as to effect service.

6              **D.**    **Plaintiff's Suit Can Withstand a Motion to Dismiss**

7                       1.    Plaintiff Has Properly Alleged a Copyright Infringement Claim

8              To state a claim for copyright infringement, Plaintiff must establish: (1)

9    ownership of a valid copyright, and (2) that the alleged infringers violated an

10   exclusive right granted to copyright holders under 17 U.S.C. § 106.  *See* 17 U.S.C. §

11   501(a); *Rice v. Fox Broad. Corp.*, 330 F.3d 1170, 1174 (9th Cir. 2003) (citing *Feist*

12   *Publ'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282 (1991)).

13             The ownership element is satisfied because Plaintiff alleged in the Complaint

14   that it is the owner and exclusive rights holder of the movies referenced in Exhibit B

15   to each of the Complaints, which Defendants partially or fully downloaded and

16   distributed.  *See* Complaint, ¶¶ 13, 14, 48 and Ex. B.

17             As to the infringement requirement, 17 U.S.C. § 106 enumerates a list of

18   exclusive rights granted to copyright holders.  These include the right to

19   "reproduce" and "distribute copies…of the copyrighted work."  17 U.S.C. § 106.

20   Plaintiff alleged that the Defendants reproduced and distributed the movies

21   referenced in Exhibit B to numerous third parties via the same swarm. Complaint, ¶¶

22   15, 36-44.  Additionally, Plaintiff has alleged that Defendants actively engaged in or

23   directly caused the copying by completing each of the steps in the BitTorrent file-

24   sharing protocol, including intentionally downloading the torrent files associated

25   with Plaintiff's copyrighted works, loading that torrent file into the BitTorrent

26   client, entering a BitTorrent swarm particular to those torrent files, and ultimately,

27   downloading and uploading pieces of those torrent files to eventually obtain a whole

28

copy of the file.  Complaint, ¶¶ 32-38. Based on these allegations, Plaintiff has pled a *prima facie* case of copyright infringement and set forth sufficient supporting facts to survive a motion to dismiss.

2.    <u>Joinder Is Not A Basis For Dismissal</u>

The Court's July 31 Order requested that Plaintiff discuss whether the cases could survive a motion to dismiss for improper joinder.  Rule 21 of the Federal Rules of Civil Procedure provides:

> "**Misjoinder of parties is not a ground for dismissing an action.** On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

Fed. R. Civ. P. 21 (emphasis added).  Thus, it would be contrary to the Federal Rules to dismiss these cases for misjoinder. Plaintiff has fully briefed below why joinder is proper in these cases and why this Court should allow these cases to proceed against <u>all</u> of the Defendants.

E.    <b>The Subpoenas Will Lead to the Identification of the Defendants</b>

There is a reasonable likelihood that the subpoenas requested will lead to the identification of Defendants such that Plaintiff may effect service of process. Indeed, the key to locating Defendants is through the IP addresses associated with the Defendants' BitTorrent activity.  Because ISPs assign a unique IP address to each subscriber and retain subscriber activity records regarding the IP addresses assigned, the information sought in the subpoena will enable Plaintiff to serve defendants and proceed with this case.  Fieser Decl., ¶¶ 6-9.

## III.    <u>JOINDER IS PROPER</u>

Joinder in BitTorrent copyright infringement cases has been thoroughly analyzed in many opinions and has been permitted where, as here: (a) the complaint clearly explains how BitTorrent works through a series of transactions, (b) all of the defendants live in the district (eliminating personal jurisdiction and venue issues),

4

1  (c) all of the defendants were part of the same exact swarm of peer infringers as

2  evidenced by a unique cryptographic hash value, and (d) Plaintiff pled that the

3  Defendants are contributorily liable for each other's infringement. *See First Time*

4  *Videos, LLC v. Does 1-76*, 2011 WL 3586245 (N.D. Ill. 2011) (stating that "the

5  overwhelming majority of courts have denied as premature motions to sever prior to

6  discovery"). Numerous other courts in California have held that joinder is proper in

7  similar BitTorrent copyright infringement cases.  *See, e.g., Malibu Media, LLC v.*

8  *Does 1-10*, Case No. CV12-1647, Docket No. 22 (C.D.Cal. June 4, 2012); *Patrick*

9  *Collins, Inc. v. John Does 34-51*, 2012 WL 871269 at * 1 (S.D.Cal. March 14, 2012)

10  (rejecting the argument that joinder is improper on the grounds that "[b]y its terms,

11  Rule 45(c)(3) does not provide authority for a court to modify or quash a subpoena

12  on the grounds of misjoinder."); *Liberty Media Holdings, LLC v. Does 1*-62, 2012

13  WL 628309 (S.D.Cal. Feb. 24, 2012); *OpenMind Solutions, Inc. v. Does 1-39*, 2011

14  WL 4715200 (N.D.Cal. Oct. 7, 2011) (finding that Plaintiff met the permissive

15  joinder requirements and under Rule 20(a)(2)).

16        **A.      Plaintiff Has Met Rule 20's Requirements for Permissive Joinder.**

17              Under Rule 20, defendants may be joined in one action when claims arise from

18  the same transaction or occurrence or series of transactions or occurrences, and any

19  question of law or fact in the action is common to all defendants. Fed. R. Civ. P.

20  20(a)(2). The permissive joinder rule "is to be construed liberally in order to promote

21  trial convenience and to expedite the final determination of disputes, thereby

22  preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning*

23  *Agency*, 558 F.2d 914, 917 (9th Cir. 1997).  Indeed, the purpose of Rule 20(a) is to

24  address the "broadest possible scope of action consistent with fairness to the parties;

25  joinder of claims, parties and remedies is strongly encouraged." *United Mine*

26  *Workers of Am. v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966);

27  *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974); *Liberty Media*

28                                                    5

1  *Holdings*, 2012 WL 628309 at *7 ("Rule 20(a) is designed to promote judicial
2  economy and trial convenience.").

3      Rule 20(a) imposes two specific requisites to the joinder of parties: (1) a right
4  to relief must be asserted by, or against, each plaintiff or defendant relating to or
5  arising out of the same transaction or occurrence, and (2) some question of law or
6  fact common to all the parties must arise in the action.  Fed. R. Civ. P. 20(a)(2).  As
7  discussed below, this case meets both requirements.

8                    1.      **Same Transaction, Occurrence or Series of Transactions.**

9                          a.      Logical relationship test.

10     "The Ninth Circuit has interpreted the phrase 'same transaction, occurrence, or
11  series of transactions or occurrences' to require a degree of factual commonality
12  underlying the claims."  *Bravado Int'l Group Merch. Servs. v. Cha*, 2010 WL
13  2650432 at *4 (C.D.Cal. June 30, 2010) (citing *Coughlin v. Rogers*, 130 F.3d 1348,
14  1350 (9th Cir. 1997)).  Typically, this means that a party "must assert rights…that
15  arise from related activities – a transaction or an occurrence or a series thereof."  *Id.*
16  (citation omitted).  Courts across the country use the "logical relationship" test to
17  ascertain whether the right to relief arises out of the same transaction of series of
18  transactions:

19      "'Transaction' is a word of flexible meaning.  *It may comprehend a*
20      *series of many occurrences, depending not so much upon the*
        *immediateness of their connection as upon their logical relationship*."
21      *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610, 46 S.Ct.
22      367, 371 (1926).  Accordingly, all 'logically related' events entitling a
        person to institute a legal action against another generally are regarded
23      as comprising a transaction or occurrence. [Citation.]  The analogous
        interpretation of the terms as used in Rule 20 would permit all
24      reasonably related claims for relief by or against different parties to be
25      tried in a single proceeding.  *Absolute identity of all events is*
        *unnecessary*.
26
27  *Mosley*, 497 F.2d 1330. The logical relationship test has been consistently used in
28                                          6

decisions concerning BitTorrent copyright infringement in suits across the country, and courts have routinely held that joinder is proper in BitTorrent actions because of the unique nature of BitTorrent technology.  *See, e.g., Patrick Collins, Inc. v. John Does 1-2590*, 2011 WL 4407172 at *6 (N.D.Cal. 2011); *OpenMind Solutions, Inc.*, 2011 WL 4715200 at *6; *Call of the Wild Movie v. Does 1-1062*, 770 F.Supp.2d 332, 343 (D.D.C. 2011).

As the Southern District of California recently held:

> Cases involving BitTorrent technology raise a new and distinct method of alleged copyright infringement that was not possible with the earlier P2P technology, mainly that BitTorent users collectively share the same exact file by each contributing a small piece of the file to the user downloading the file.  Furthermore, unlike the earlier P2P technology, the BitTorrent file-sharing protocol makes every downloader also an uploader of the illegally transferred file.  This distinguishes BitTorrent cases from the earlier P2P cases.  Given this unique theory of copyright infringement, it is possible that BitTorrent users identified with the alleged illegal sharing of the same file are 'logically related' and are 'acting in concert.'

*Liberty Media Holdings*, 2012 WL 628309 at *7.

Recently, Judge Randon in the Eastern District of Michigan properly analyzed the facts in a near-identical case, expanding substantial effort to understand the allegations in the complaint and the applicable law:

> Plaintiff alleges that its investigator ("IPP") was able to download at least one piece of the copyrighted Movie from each Defendant [Citation]. It is important to understand the implications of this allegation before determining whether joinder is proper. If IPP downloaded a piece of Plaintiff's copyrighted Movie from each Defendant (and, conversely, each Defendant uploaded at least one piece of the Movie to IPP) then each Defendant had at least one piece of the Movie—traceable via Hash Identifier to the same Initial Seeder—on his or her computer and allowed other peers to download pieces of the Movie.

7

> By way of illustration: IPP's computer connected with a tracker, got the IP address of each of Defendants' computers, connected with each Defendants' computer, and downloaded at least one piece of the Movie from each Defendants' computer. During this transaction, IPP's computer verified that each Defendants' piece of the Movie had the expected Hash; otherwise, the download would not have occurred.

*Patrick Collins, Inc. v. John Does 1-21*, 2012 WL 1190840, at *4-5 (E.D. Mich. Apr. 5, 2012). Judge Randon then explained through the force of clear deductive logic that each Defendant obtained the piece of Plaintiff's movie in one of four ways, all of which relate directly back to one individual seed.

> If Plaintiffs allegations are true, each Defendant must have downloaded the piece(s) each had on his or her computer in one, or more, of the following four ways:
> 1) the Defendant connected to and transferred a piece of the Movie **from the initial seeder;** or
> 2) the Defendant connected to and transferred a piece of the Movie **from a seeder** who downloaded the completed file from the initial seeder or from other peers; or
> 3) the Defendant connected to and transferred a piece of the Movie **from other Defendants** who downloaded from the initial seeder or from other peers; or
> 4) the Defendant connected to and transferred a piece of the Movie **from other peers** who downloaded from other Defendants, other peers, other Seeders, or the Initial Seeder.

> In other words, in the universe of possible transactions, at some point, each Defendant downloaded a piece of the Movie, which had been transferred through a series of uploads and downloads from the Initial Seeder, through other users or directly, to each Defendant, and finally to IPP.

*Id.* Having limited the universe to four possibilities the court correctly concluded the transaction was logically related:

> Therefore, each Defendant is logically related to every other Defendant because they were all part of a series of transactions linked to a unique Initial Seeder and to each other. This relatedness arises not merely

1
2
3
4

because of their common use of the BitTorrent protocol, but because
each Defendant affirmatively chose to download the same Torrent file
that was created by the same initial seeder, intending to: 1) utilize other
users' computers to download pieces of the same Movie, and 2) allow
his or her own computer to be used in the infringement by other peers
and Defendants in the same swarm.

5   *Id.*  In other words, by causing *all* users to distribute the file, BitTorrent ensures that

6   all peers in a swarm materially aid every other peer.  This critical fact makes

7   BitTorrent different than every other peer-to-peer network, and is one important

8   distinguishing factor that renders joinder proper herein.

9                         b.      Plaintiff properly pled a series of transactions.

10          With respect to the particular swarm at issue here, the hash (an alphanumeric

11   representation of a digital file) associated with the copied file's torrent file remained

12   the same within the swarm. Complaint, ¶¶ 40-44. Further, the alleged infringers all

13   participated in the same exact swarm and downloaded the same exact copyrighted

14   file. Fieser Decl., ¶¶ 19-20. Even after a Doe defendant disconnects from the

15   swarm, the parts of the file that he or she downloaded and uploaded will continue to

16   be transferred to the other Doe defendants remaining in the swarm. *See OpenMind*

17   *Solutions*, 2011 WL 4715200 at*6 (finding that Plaintiff provided enough

18   specificity to make a preliminary determination that the doe defendants were part of

19   the same swarm and holding that "Plaintiff's claims against Defendants appear

20   logically related").

21          Simply, here, each putative Defendant is a possible source for Plaintiff's

22   copyrighted work, and is responsible for distributing the work to the other putative

23   defendants, who are also using the same BitTorrent technology to copy the identical

24   copyrighted material.  *See Disparte v. Corp. Exec. Bd.*, 223 F.R.D. 7, 10 (D.D.C.

25   2004) (to satisfy Rule 20(a)(2)(A) claims must be "logically related" and this test is

26   "flexible."). While Defendants may be able to rebut these allegations later, Plaintiff

27   has sufficiently alleged that its claims against Defendants stem from the same

28

9

transaction or occurrence, and are logically related.  *See Arista Records, LLC v. Does 1-19*. 551 F.Supp.2d 1, 11 (D.D.C. 2008) ("While the Court notes that the remedy for improper joinder is severance and not dismissal, … the Court also finds that this inquiry is premature without first knowing Defendants' identities and the actual facts and circumstances associated with Defendants' conduct.").  Indeed, Exhibit A to each Complaint reflects that each of the Doe defendants were present in the same swarm on BitTorrent and shared pieces of the same seed files.

Moreover, while the logical relationship test does not require it, should this matter go trial, Plaintiff will prove that the Defendants' infringement was committed through the same transaction or through a series of transactions with mathematical certainty by demonstrating, *inter alia,* that the algorithm used by BitTorrent trackers would have caused the entire series of transactions to be different *but for* each of the Defendants' infringements.

> c.    It is not necessary for the Defendants to know each other.

In *United States v. Mississippi*, 380 U.S. 128 (1965), the Supreme Court found that the joinder of six defendants, election registrars of six different counties, was proper because the allegations were all based on the same state-wide system designed to enforce the voter registration laws in a way that would deprive African Americans of the right to vote.  Although the complaint did not allege that the registrars acted in concert with each other, or even that they knew of each other's actions, or that each other's actions directly affected each other in any way, the Supreme Court interpreted Rule 20 to hold a right to relief severally because the series of transactions were related and contained a common issue of law and fact. *Id.* at 142-143.

> [T]he complaint charged that the registrars had acted and were continuing to act as part of a state-wide system designed to enforce the registration laws in a way that would inevitably deprive colored people

10

of the right to vote solely because of their color.  On such an allegation the joinder of all the registrars as defendants in a single suit is authorized by Rule 20(a) of the Federal Rules of Civil Procedure.

*Id.* at 142.  Indeed, the Supreme Court held all of the defendants were properly joined because they were all acting on the basis of the same system which created a transactional relatedness.

Likewise, here, it is not necessary for each of the defendants to have directly interacted with each other defendant, or have shared a piece of the file with each and every defendant when downloading the movie.  The Defendants are properly joined because their actions directly relate back to the same initial seed of the swarm, and their alleged infringement further advances the series of infringements that began with that initial seed and continued through other infringers.  In doing so, the Defendants all acted under the same exact system.

The Eastern District of Pennsylvania recently addressed this exact issue in a similar BitTorrent copyright infringement action, and the court held that joinder was proper even if the Doe defendants did not transmit the pieces directly to each other because the claims arise out of the same series of transactions:

[E]ven if no Doe defendant directly transmitted a piece of the Work to another Doe defendant, the Court is satisfied at this stage of the litigation the claims against each Doe defendant appear to arise out of the same series of transactions or occurrences, namely, the transmission of pieces of the same copy of the Work to the same investigative server.

*Raw Films v. John Does 1-15,* 2012 WL 1019067, at *4 (E.D. Pa March 26, 2012).

## 2.  There Are Common Issues of Fact and Law.

"Rule 20(a)(2)(B) requires the plaintiffs' claims against the putative defendants to contain a common question of law or fact."  *Call of the Wild*, 770 F.Supp.2d at 343.  Here, Plaintiff will have to establish the same legal claims concerning the validity of its copyrights and the infringement of the exclusive rights reserved to

11

1  Plaintiff as copyright holder. Furthermore, Plaintiff alleges that the Defendants
2  utilized the same BitTorrent file-sharing protocol to illegally distribute and download
3  its copyrights and, consequently, factual issues related to how BitTorrent works and
4  the methods used by Plaintiff to investigate, uncover, and collect evidence about the
5  infringing activity will be essentially identical for each Defendant. *See id.* at 343 ("In
6  each case, the plaintiff will have to establish against each putative defendant the same
7  legal claims concerning the validity of the copyrights in the movies at issue and the
8  infringement of the exclusive rights reserved to the plaintiffs as copyright holders.").
9  The Court recognizes that each putative defendant may later present different factual
10 and substantive legal defenses, "but that does not defeat, at this stage of the
11 proceedings, the commonality in facts and legal claims that support joinder under
12 Rule 20(a)(2)(B)." *Id.*

13      **B.      Joinder Is Proper Because Each Defendant Is Jointly and Severally**
14              **Liable.**

15      Joinder is also proper because Plaintiff pled that each defendant is jointly and
16 severally liable for each of the other defendant's infringement.  "It is, today, a given
17 that 'one who, with knowledge of the infringing activity, induces, causes or
18 materially contributes to the infringing conduct of another, may be held liable as a
19 'contributory infringer.'"  *Costar Group, Inc. v. Loopnet, Inc.*, 164 F. Supp.2d 688,
20 696 (M.D. 2001).  Here, Plaintiff properly pled contributory infringement
21 (Complaint, ¶¶ 54-63), and will prove that there was one initial seeder that uploaded
22 the subject torrent file identified by the unique hash value, and that when a
23 Defendant receives a piece from a downstream infringer (*i.e.*, an infringer who
24 already had that piece), then that Defendant will automatically begin distributing the
25 piece it received from the downstream infringer to others. Plaintiff will thereby
26 prove that said Defendant materially assists the downstream infringer's direct
27 infringement of Plaintiff's exclusive right to "redistribute . . . the Work. . . ."  in
28

12

violation of 17 U.S.C. § 106(3) and 17 U.S.C. §501.  Similarly, Plaintiff will prove that when a Defendant provides a piece of Plaintiff's copyrighted work to an upstream infringer, the upstream infringer both sends that piece to other infringers and will also assemble the entire Work.  Accordingly, by delivering a piece to an upstream infringer, the Defendant is contributorily liable for materially assisting the upstream infringer to redistribute, perform and display the Work in violation of 17 U.S.C. § 106(3)-(5) and 17 U.S.C. § 501.

Since one of the grounds for permissive joinder is joint and several liability, should the Court hold that joinder is not permitted, then any such holding would effectively summarily adjudicate Plaintiff's claim for contributory infringement. Such a holding would be erroneous because contributory infringement is "a question of fact for trial." *Adobe Systems, Inc. v. Canus Productions, Inc.*, 173 F.Supp.2d 1044, 1055 (C.D. Cal. 2001); *Marobie-FL, Inc. v. National Ass'n of Fire Equipment Distributors*, 983 F. Supp. 1167 (N.D. IL 1997) ("fact questions precluded summary judgment with respect to providers' liability for contributory infringement"). Moreover, since BitTorrent works through the cooperative exchange among peers in a swarm, claims for contributory infringement must be permitted or the law would be inconsistent with the very nature of BitTorrent.

### C.   Joinder Promotes Judicial Efficiency And Is Not Prejudicial To The Putative Defendants.

The Northern District of California opined that "[j]oinder in a single case of putative defendants who allegedly infringed the same copyrighted material promotes judicial efficiency and, in fact, is beneficial to the putative defendants." *Open Mind Solutions*, 2011 WL 4715200 at *7 *see also*, *Call of the Wild*, at 344 (same).

Here, Plaintiff seeks to obtain identifying information from ISPs so that it can properly name and serve Defendants. If the Court were to consider severance at this juncture, Plaintiff would face significant obstacles in its efforts to protect its

13

copyright from illegal file-sharers, and this would only needlessly delay the case. Plaintiff would be forced to file 10 separate lawsuits, in which it would then move to issue separate subpoenas to ISPs for each defendant's identifying information. Plaintiff would additionally be forced to pay the Court separate filing fees in each of these cases, which would further limit its ability to protect its legal rights. "This would certainly not be in the 'interests of convenience and judicial economy,' or 'secure a just, speedy, and inexpensive determination of the action.'" *Call of the Wild,* 770 F.Supp.2d at 334 (citation omitted) (declining to sever defendants where parties joined promotes more efficient case management and discovery and no party prejudiced by joinder).

Further, Defendants are currently identified only by their IP addresses and are not named parties. Consequently, they are not required to respond to Plaintiff's allegations or assert a defense. Defendants may be able to demonstrate prejudice once Plaintiff proceeds with its case against them, but they cannot demonstrate any harm that is occurring to them before that time. *Id.*

The putative defendants are not prejudiced but likely benefitted by joinder, and severance would debilitate Plaintiff's efforts to protect its copyrighted material and seek redress from Defendants, who have allegedly engaged in infringing activity.

### D.   Policy Reasons for Permitting Joinder.

#### 1.   Absent joinder, data retention issues will cause Plaintiff to sue John Does that cannot be identified.

Plaintiff has learned through suits across the country that there are major deficiencies associated with the ability of internet service providers ("ISP") to

14

correlate a subscriber to an individual.[1]  Many ISPs delete the data connecting an internet protocol ("IP") address to an individual after only a few weeks.  According to the FBI, 19% of its ISP lookup requests in one child pornography investigation failed to yield a positive identity.  *See* fn. 6. Plaintiff's statistics are similar: 10-15% of the identities subpoenaed by Plaintiff in cases nationally fail to identify a person or legal entity.

This is not mere argument – this is a very real problem.  The Doe Defendants are not real defendants until a name has been assigned to them.  Indeed, almost without exception, every subpoena that Plaintiff issues comes back from the ISP stating we were able to identify X number of people but deleted the data for Y number.  Any decision regarding joinder in a BitTorrent peer-to-peer copyright case must take data retention and data failure issues into consideration.  Significantly, a rule requiring Plaintiff to sue John Doe defendants on an individual basis creates the substantial risk that the target cannot be ascertained. Unless the Court system allows Plaintiff to dilute the problem through joined cases, this phenomenon will needlessly increase the cost associated with pursuing infringement cases.

## 2.  Disallowing joinder would be inconsistent with the policy of Rule 1.

Rule 1 of the Federal Rules of Civil Procedure requires that Courts construe the rules to secure the inexpensive determination of every action. The joinder rule, Federal Rule of Civil Procedure 20, has the same purpose. Indeed, since jurisdiction and venue is proper in this District, if Plaintiff is forced to proceed individually, all of these cases would be filed in this District, would be related to this case, and

---

[1] See Statement Of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before The Committee On Judiciary Subcommittee On Crime, Terrorism, And Homeland Security United States House Of Representatives, (January 2011) at http://judiciary.house.gov/hearings/pdf/Weinstein 01252011.pdf.

1   would be pending before this Court. Thereafter, at every stage of the process, the

2   litigants and the Court would be faced with additional work.  For example, instead

3   of one motion for leave to serve subpoenas in advance of a 26(f) conference, there

4   would be many such identical motions.  Instead of one Rule 26(f) conference and

5   report, there would be many such identical Rule 26(f) conferences and reports.

6   Identical pleadings and papers would be repetitively filed.  Not only would this

7   needlessly increase the costs for the parties and Court but also for the third party

8   ISPs.  The court in *Call of the Wild, supra*, went so far as to say that disallowing

9   joinder would effectively prevent Plaintiff from being able to enforce its copyrights:

> The plaintiffs would be forced to file 5,583 separate lawsuits *
> * * Plaintiffs would additionally be forced to pay the Court
> separate filing fees in each of these cases, * * * This would
> certainly not be in the "interests of convenience and judicial
> economy," or "secure a just, speedy, and inexpensive
> determination of the action. *Given the administrative burden of
> simply obtaining sufficient identifying information to properly
> name and serve alleged infringers, it is highly unlikely that the
> plaintiffs could protect their copyrights in a cost-effective
> manner*.

16   *Call of the Wild*, 770 F.Supp.2d at 344-45 (emphasis added).  Rule 1's requirement

17   that the rules be construed *and administered* in such a way as to promote the

18   inexpensive determination of every action, coupled with a Court's flexibility to

19   sever a suit at any time, compels a finding that severance is premature during the

20   discovery phase of a BitTorrent litigation.  Indeed, at this stage of the proceeding,

21   joinder is without question the most efficient method of proceeding with the case.

22       **E.    The Overwhelming Majority Of Courts Permit Joinder.**

23           **1.    California Courts rule that joinder is proper.**

24       All four districts in California that have adjudicated joinder in BitTorrent

25   copyright infringement cases have held that joinder is proper. In the above-

26   captioned Case No. CV12-1647, Judge Kronstadt denied a Doe defendant's motion

27   to quash, finding that joinder is proper at this stage of the litigation.  *Malibu Media*

28                                    16

1  *v. Does 1-10*, Case No. CV12-1647, Docket no. 22 (C.D.Cal. June 4, 2012).

2       In *Camelot Distribution Group v. Does 1-1210*, 2011 WL 4455249, *3

3  (E.D.Cal. 2011), the Eastern District "conclude[d] that a decision regarding joinder

4  would be more appropriately made after further development of the record." *See*

5  *also, Berlin Media Art E.K. v. Does 1-144*, 2011 WL 4056167 (E.D. CA. 2011)

6  (permitting discovery in joined case.)  In *Liberty Media Holdings, LLC v. Does 1-*

7  *62*, 2011 WL 1869923 at *5 (S.D.Cal. May 12, 2011), the Southern District held

8  "[a]fter careful consideration of the issue, . . . [i]n this case, the complaint

9  sufficiently *alleges* that defendants are properly joined due to the use of BitTorrent,

10  which necessarily requires each user to be an uploader as well as a downloader."

11  (emphasis in original); *see also, Malibu Media, LLC v. Does 1-25*, 2012 WL

12  2367555 at *3 (S.D.Cal. June 21, 2012).

13       Chief Magistrate Judge Maria Elena-James sums up the decisions of the six or

14  so judges in the Northern District of California who have repeatedly held that

15  joinder is proper.   *See e.g. Patrick Collins v. Does 1-2590*, 2011 WL 4407172. She

16  noted that "[r]ecently, courts in this District . . . have come to varying decisions

17  about the proprietary of joining multiple defendants in BitTorrent infringement

18  cases," and found:

19          This Court has carefully reviewed such decisions and notes that they are
           highly dependent on the information the plaintiff presented regarding
20          the nature of the BitTorrent file-sharing protocol and the specificity of
           the allegations regarding the Doe defendants' alleged infringement of
21          the protected work. Both of these factors guide the Court's joinder
           analysis . . . [in concluding joinder is proper].
22

23  *Id.; see also, New Sensations, Inc. v. Does 1-1,474*, 2011 WL 4407222, (N.D.Cal.

24  2011) (same);  *accord Hard Drive Productions, Inc. v. Does 1–46,* 2011 U.S. Dist.

25  LEXIS 67314 (N.D. Cal. 2011) (same); *New Sensations, Inc. v. Does 1745*, 2011

26  WL 2837610 (N.D. Cal. 2011) (same, and opining "Judge Howell of the D.C.

27  Circuit has repeatedly held that in infringement actions" joinder is proper "[h]is

28

1  analysis makes sense.").

2  **2.   The District of Columbia correctly supports joinder in**
3  **BitTorrent cases.**

4        The District of Columbia has issued the longest, most comprehensive
5  decisions concerning the issues, including joinder, raised in BitTorrent litigation.
6  *See, e.g., Voltage Pictures, LLC v. Vazquez*, 2011 WL 5006942 (D.D.C. 2011)
7  (opining joinder is proper and that Doe Defendants do not have standing to
8  intervene in the discovery process prior to being named as a defendant); *NuImage,*
9  *Inc. v. Does 1-22,322*, 2011 WL 3240562 (D.D.C. 2011) (10 page opinion,
10 permitting joinder but raising concerns about long-arm); *West Coast Productions,*
11 *Inc. v. Does*, 275 F.R.D. 9 (D.D.C. 2011) (11 page opinion, permitting joinder,
12 holding long arm could be used, denying all motions to quash); *Call of the Wild*, 274
13 F.R.D. 334 (permitting joinder, holding long arm could be used, denying all motions
14 to quash); *Maverick Entertainment Group, Inc. v. Does 1-2115*, 2011 WL 1807428
15 (D.D.C. 2011) (18 page opinion, permitting joinder, holding long arm could be used,
16 denying all motions to quash); *Voltage Pictures, LLC v. Does 1-5000*, 818
17 F.Supp.2d 28 (D.D.C. 2011) (D.D.C. 2011) (18 page opinion permitting joinder,
18 holding long arm could be used, denying all motions to quash); *Donkeyball Movie,*
19 *LLC v. Does*, 2011 WL 1807452 (D.D.C. May 12, 2011) (15 page opinion
20 permitting joinder, holding long arm could be used, denying all motions to quash);
21 *Call of the Wild*, 770 F.Supp.2d 332 (36 page opinion addressing all of the issues
22 raised in pre-Doe identification BitTorrent litigation.)  Significantly, the *Call of the*
23 *Wild* court denied all of the motions to quash, ruled in favor of copyright owners on
24 the joinder issue, the free speech issue, the right to remain anonymous issue [Doe's
25 who file motions do not have that right], allowed Plaintiff to use the long arm
26 statute, and held that internet service providers cannot refuse to comply with
27 subpoenas on the basis that it is unduly burdensome.

28

**3.     The District of Colorado permits joinder.**

In every BitTorrent copyright infringement case before the District of Colorado, that court has ruled that joinder is proper and promotes judicial efficiency: "rather than result in needless delay, joinder of the Doe Defendants 'facilitates jurisdictional discovery and expedites the process of obtaining identifying information, which is prerequisite to reaching the merits of [Plaintiff's] claims.'" *See Patrick Collins, Inc. v. John Does 1-33*, 2012 WL 415424 (D.Colo. 2012) (internal citations omitted).[2]

## IV.    CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to Plaintiff to issue Rule 45 subpoenas to the Defendants' ISPs, and further hold that joinder is proper at this stage in the litigation.


DATED: August 14, 2012                    KUSHNER LAW GROUP



                                          By:      /s/ Leemore L. Kushner
                                              Leemore L. Kushner
                                              Attorneys for Plaintiff Malibu Media, LLC

---

[2] *See also, Malibu Media v. Does 1-13*, 2012 WL 2325588 (E.D.N.Y. June 19, 2012); *DigitProtect USA Corp. v. Does,* 2011 WL 4444666 (S.D.N.Y. 2011); *Patrick Collins v. John Does 1-9, 11-cv-01269 (S.D.N.Y. 2011); First Time Videos,* 2011 WL 3586245; *Hard Drive v. Does 1-55*, 2011 WL 4889094, (N.D. Ill 2011)*; First Time Videos, LLC v. Does 1-500*, 2011 WL 3498227 (N.D. Ill. 2011); *MGCIP v. Does 1-316*, 2011 WL 2292958 (N.D. Ill. 2011).